

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARDIE WRIGHT, § | |
|         Plaintiff, § | |
| vs. § | CIVIL ACTION 0:20-4085-MGL-SVH |
| § | |
| SOUTH CAROLINA COURT OF COMMON § | |
| PLEAS (CIVIL) SIXTEENTH JUDICIAL § | |
| CIRCUIT; HONORABLE EDWARD W. § | |
| MILLER, *Circuit Court Judge*; HONORABLE § | |
| CLIFFORD E. BERINSKY, *Magistrate Court* § | |
| *Judge*; and CATAWBA/EBENEZER § | |
| MAGISTRATE COURT, § | |
|         Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

      Plaintiff Mardie Wright (Wright) filed this lawsuit against the above-named defendants concerning alleged violations of her Fourteenth Amendment rights in litigating a state court case. Wright is representing herself.

      The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting this action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 7, 2020, and Wright filed her objections on January 21, 2021.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Wright objects to the Magistrate Judge's conclusion that Judges Edward W. Miller and Clifford E. Berinsky (collectively, the judges) are entitled to judicial immunity.  According to Wright, they are not entitled to judicial immunity because they were clearly without jurisdiction over her state case.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted) (internal quotation marks omitted) (footnote omitted).

Although Wright argues the judges were clearly without jurisdiction to consider her state court case, she fails to convincingly explain why.  Therefore, the Court will overrule this objection.

Wright agrees with the Magistrate Judge's recommendation that Defendants South Carolina Court of Common Pleas (Civil) Sixteenth Judicial Circuit and Catawba/Ebenezer Magistrate Court should be dismissed from this suit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Wright's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 12th day of May, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Wright is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.